UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


CARL L. KIRKPATRICK,

        Plaintiff,

    v.

CAROLYN W. COLVIN, Commissioner of
Social Security,

        Defendant.

Case No. 3:13-cv-0649 -ST

FINDINGS AND
RECOMMENDATION


STEWART, Magistrate Judge:

## **INTRODUCTION**

Plaintiff, Carl Kirkpatrick ("Kirkpatrick"), seeks judicial review of the denial by the

Commissioner of Social Security ("Commissioner") of his request for a hearing on his second

application for disability insurance benefits ("DIB"). The Commissioner has filed a Motion to

Dismiss (docket #13) for lack of subject matter jurisdiction and failure to state a claim. For the

following reasons, that motion should be granted based on lack of subject matter jurisdiction.

/// 

///

///


1 – FINDINGS AND RECOMMENDATION

## ADMINISTRATIVE HISTORY

In support of her motion, the Commissioner has submitted excerpts of the administrative record. On a motion to dismiss under FRCP 12(b)(1) where a jurisdictional issue is separable from the merits of a case, a district court is "free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Roberts v. Corrothers*, 812 F2d 1173, 1177 (9th Cir 1987), quoting *Augustine v. United States*, 704 F2d 1074, 1077 (9th Cir 1983). "Because the court's power to hear the case is at stake, it is not limited to considering the allegations of the complaint. It may consider *extrinsic evidence*; and if the evidence is disputed, it may weigh the evidence and *determine* the facts in order to satisfy itself as to its power to hear the case." *Friends of the Wild Swan, Inc. v. U.S. Forest Serv.*, 910 F Supp 1500, 1504 (D Or 1995) (quotation and citations omitted) (emphasis in original). "However, where the question of jurisdiction is dependent on the resolution of factual issues going to the merits, a court may not resolve genuinely disputed facts." *Id* (citations omitted). Here the extrinsic facts are undisputed.

According to the evidence submitted by the Commissioner, Kirkpatrick first filed an application for DIB on September 20, 2007, alleging that his disability began on September 1, 2004. Weigel Decl., ¶ 4(a) & Ex. 1, pp. 10-11. That application was denied initially on December 12, 2007. *Id*, Ex. 1, pp. 6-9. On April 18, 2008, the Commissioner affirmed the denial on reconsideration because Kirkpatrick's "condition was not disabling on any date through 12/31/07, when [he was] last insured for" DIB. *Id*, Ex. 1, pp. 1-5. An Administrative Law Judge ("ALJ") dismissed as untimely Kirkpatrick's appeal from the denial of reconsideration. *Id*, Ex. 3, pp. 5-6.[1]

---

[1] The record does not contain a copy of the Commissioner's decision after reconsideration or the ALJ's dismissal of Kirkpatrick's appeal as untimely.

More than two years later, Kirkpatrick filed a second application for DIB on June 17, 2010, again alleging disability beginning on September 1, 2004. *Id*, ¶ 4(b) & Ex. 2, pp. 10-16. Because it "concerns the same issues which were decided when an earlier claim was denied," the Commissioner denied this second application initially on June 22, 2010, and also upon reconsideration on July 13, 2010. *Id*, Ex. 2, pp. 3-9. On September 14, 2010, Kirkpatrick filed a request for a hearing before an ALJ to establish "good cause for re-opening [his] prior application," claiming he would be "able to obtain new and material evidence." *Id*, Ex. 2, pp. 1-2.

Under 20 CFR § 404.988(a) and (b), the Commissioner may reopen a prior determination within four years for "good cause" shown and consider it on the merits. Good cause sufficient to justify a reopening includes when "[n]ew and material evidence is furnished" or if "evidence that was considered in making the determination or decision clearly shows on its face that an error was made." 20 CFR §§ 404.988(b), 404.989(a).

On October 3, 2011, ALJ Rudolph Murgo issued an Order of Dismissal of Kirkpatrick's request for a hearing on the basis of res judicata. *Id*, ¶ 4(c) & Ex. 3, pp. 5-6. He concluded that the previous determination "became administratively final because [Kirkpatrick] did not request review within the stated time period" and that "none of the conditions for reopening set forth in 20 CFR [§] 404.988 is present in this case." *Id*, Ex. 3, p. 5. In particular, based on a comparison of the "evidence considered in reaching the previous determination with that relating to [Kirpatrick's] current claim," he concluded that "no new and material evidence has been submitted." *Id*. That evidence was "approximately 70 pages of medical records, all of which are dated after [Kirkpatrick's] date last insured, December 31, 2007." *Id*, Ex. 3, p. 6. On February 15, 2013, the Appeals Council denied his request for review. *Id*, Ex. 3, p. 1.

## FINDINGS

The Commissioner seeks dismissal for lack of subject matter jurisdiction on the basis that the ALJ's Order of Dismissal is not a final agency decision subject to judicial review. The Social Security Act limits judicial review of the Commissioner's decisions to "any final decision . . . made after a hearing." 42 USC § 405(g). "Once a decision becomes administratively final, the Secretary's decision to reopen a claim is purely discretionary" under 20 CFR §§ 404.987-404.988. *Davis v. Schweiker*, 665 F2d 934, 935 (9th Cir 1982), citing *Califano v. Sanders*, 430 US 99, 103 (1977). "A decision not to reopen a prior benefits decision ordinarily does not constitute a final decision; therefore, it is not subject to judicial review." *Udd v. Massanari*, 245 F3d 1096, 1098-99 (9th Cir 2001), citing *Califano*, 430 US at 107-09. When the Commissioner has denied a request for a hearing to reopen a claim based on *res judicata*, no "hearing" occurs to trigger jurisdiction under 42 USC § 405(g). *Subia v. Comm'r of Soc. Sec.*, 264 F3d 899, 902 (9th Cir 2001). Thus, federal courts have no jurisdiction to review a decision not to reopen an application for benefits.

However, the Supreme Court recognizes an exception where "the Secretary's denial of a petition to reopen is challenged on constitutional grounds."[2] *Califano*, 430 US at 109. According to the Ninth Circuit, this exception applies to "any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Klemm v. Astrue*, 543 F3d 1139, 1144 (9th Cir 2008), quoting *Udd*, 245 F3d at 1099. "A constitutional claim is colorable if it is not wholly insubstantial, immaterial, or frivolous." *Id* (citations and internal quotation marks omitted). A "'mere allegation of a due process violation' is not a colorable

---

[2] Constitutional challenges are allowed under the *Califano* exception notwithstanding the Act's preclusion of federal question jurisdiction under 28 USC § 1331. *Califano*, 430 US at 109.

constitutional claim." *Id* (citations omitted).  Otherwise, "[e]very disappointed claimant could raise such a due process claim, thereby undermining a statutory scheme designed to limit judicial review."  *Hoye v. Sullivan*, 985 F2d 990, 992 (9th Cir 1992) (citation omitted).  An example of a colorable constitutional claim is the existence of a mental disability that would have prevented a claimant from understanding and pursuing administrative remedies.  *Udd*, 245 F3d at 1099.

The ALJ's denial of Kirkpatrick's request for hearing was a discretionary determination not to reopen his initial application which was deemed final and binding.  Accordingly, this court only has jurisdiction over that discretionary decision if the *Califano* exception applies.

Seeking to fall within the *Califano* exception, Kirkpatrick challenges the ALJ's denial of his request for a hearing to reopen on constitutional grounds by claiming that the "record is patently inadequate to support the findings of the ALJ in the October 3, 2011 [Order of Dismissal], in violation of due process guarantees under the Fifth and Fourteenth Amendments to the United States Constitution."  Complaint, ¶ 4.  In particular, Kirkpatrick argues that the ALJ fundamentally erred in dismissing his claim which denied his due process guarantee to be meaningfully heard.  The Commissioner responds that Kirkpatrick fails to state a colorable constitutional claim and, thus, does not fall within the *Califano* exception.

Kirkpatrick is correct that this court has jurisdiction to review the ALJ's res judicata finding based on due process grounds.  In *Thompson v. Schweiker,* 665 F2d 936 (9th Cir 1982), the Ninth Circuit noted that the enforcement of administrative res judicata "must be tempered by fairness and equity" and may be "qualified or rejected when [its] application would contravene an overriding public policy or result in manifest injustice."  *Id* at 940 (citation omitted).

> Where the record is patently inadequate to support the findings the ALJ made, application of res judicata is tantamount to the denial of due process.  Fairness in the administrative process is more

important than finality of administrative judgments.  Because these two policies conflict here, res judicata is inappropriate.

*Id* at 941.

In *Thompson*, the claimant was not represented by counsel.  Because the ALJ did not explore the relevant facts but focused on the claimant's work history "to the exclusion of everything else," he denied the claimant "a full hearing under the Secretary's regulations, and thwarted the beneficent purposes of the Act."  *Id.*  As a result, the Ninth Circuit concluded that the ALJ "improperly invoked the res judicata doctrine" and remanded for a hearing.  *Id.*  In doing so, it distinguished *Davis* (decided the same day) as involving another issue "of whether a claimant whose application is [properly] barred by res judicata is entitled to a review of the Secretary's refusal to reopen the case."  *Id.*

The Fourth Circuit has adopted this same approach by allowing a district court to determine "whether res judicata has properly been applied, or whether, though res judicata might have been applied, the claim has nevertheless been reopened."  *McGowen v. Harris*, 666 F2d 60, 66 (4th Cir 1981) (citation omitted).  Because the district court "has jurisdiction to determine its own jurisdiction by examining the res judicata predicate," it should first determine whether the subsequent claim is the same as the prior claim.  *Id* at 64-65.  If the prior claim is in fact different, then "the subsequent claim is necessarily, in legal contemplation, a different one whose merits have never been addressed."  *Id* at 65.  But even if the subsequent claim is the same for res judicata purposes, it is a final decision subject to judicial review "if it has nevertheless been reconsidered on the merits to any extent and at any administrative level."  *Id.*  In that event, the denied claim "has been either formally or by legal implication reopened" and may be judicially reviewed.  *Id* at 66.  However, where the ALJ states that evidence is not sufficiently new and material to warrant a reopening in order to conclude that the claim is the same for res judicata

purposes, then "the threshold inquiry into the nature of the evidence should not be read as a reopening of this claim on the merits."  *Id* at 68.

Relying on *Thompson* and *McGowen*, Kirkpatrick argues that this court has jurisdiction because the ALJ improperly applied res judicata principles in dismissing his request for a hearing.  In particular, he argues that the ALJ:  (1) made an unsupported finding of fact that the claimant's representative made a "strategic decision to have the claimant file a new application, rather than appealing the dismissal and filing a motion to reopen the prior application" (Weigel Decl., Ex. 3, p. 6); and (2) improperly determined that "no new and material evidence has been submitted" (*id*, p. 5) without allowing claimant's counsel to present a contrary argument at a hearing.  Neither of these arguments is sufficient to invoke the court's jurisdiction based on a denial of due process.

The Ninth Circuit rejected a similar argument in *Krumpelman v. Heckler*, 767 F2d 586 (9th Cir 1985).  Relying on *Thompson* and *McGowan,* Krumpelman made allegations of "manifest unfairness" by the ALJ's denial of his request to reopen a prior final determination, including the lack of an opportunity to rebut adverse hearsay evidence and the ALJ's unsupported conclusions.  *Id* at 588.  First, the court found that both claims included the same time period and "were indeed the same."  *Id*.  Second, it clearly distinguished Krumpelman's allegations "from the situations in *McGowen* and *Taylor*" because "the ALJ explicitly found the evidence was insufficient to warrant the re-opening of the claim . . . and explicitly declined to re-open the claim."  *Id* at 589.  As a result, it concluded that the district court has no jurisdiction to review the ALJ's decision.

Kirkpatrick makes no argument that his successive claims are not the same for res judicata purposes, nor could he.  The length of the period of alleged disability is not clear from

the record.  However, on both applications Kirkpatrick claimed that his disability began

September 1, 2004, and the ALJ found Kirkpatrick's insured status expired on December 31,

2007, necessarily ending his eligibility under any application.  Thus, both applications implicated

the same time period for the same disability.  Accordingly, the ALJ's res judicata finding cannot

be attacked on this ground.

Instead, Kirkpatrick argues that the ALJ made an incorrect factual finding as to why the

dismissal of his appeal of the denial on reconsideration of his first application was untimely.  As

a result of being unable to respond to this ALJ's characterization of his representative's

admission, he claims that he was deprived him of a meaningful opportunity to be heard.  That

claim is nothing more than an attack on the ALJ's failure to reopen his application and does not

implicate the propriety of the AJL's res judicata finding.  Even if the ALJ did make a factual

error, the reason for filing a new application rather than an appeal or motion to reopen is

irrelevant to the res judicata analysis.  It says nothing about whether the claims are the same or

whether the dismissal of the appeal as untimely was final and binding.

Second, even if the claims are the same, Kirkpatrick cannot obtain judicial review on the

basis that the ALJ either formally or by implication reopened the first application.  Kirkpatrick's

challenge is based on the ALJ's rejection of the newly presented medical evidence.  The ALJ

found all 70 pages of the new evidence related to the issues and facts of the prior application

because all "are dated after the claimant's date last insured, December 31, 2007." Weigel Decl.,

Ex. 3, p. 6.  In fact, the List of Exhibits attached to the Order showed the records spanned July 9,

2008, to July 6, 2011.  *Id*, Ex. 3, p. 7.  Even if these later records could provide relevant evidence

as to Kirkpatrick's disability before December 31, 2007, the ALJ cited them only in order to

support his res judicata finding and not to reopen the claim.

The Ninth Circuit has found the merits untouched by the ALJ's application of res judicata based on explicit refusals to reopen the application.  *See Krumpelman*, 767 F2d at 589 (the ALJ explicitly found the evidence was insufficient to warrant the re-opening of the claim of disability); *Stahl v. Bowen*, No. 87-3846, 1989 WL 80479, at *2 (9th Cir July 17, 1989) ("ALJ expressly found no new evidence in Stahl's case which would warrant reopening the claim, explicitly declined to reopen her claim after discussing all of the evidence before him, and ordered Stahl's claim dismissed on res judicata ground.").  Here the ALJ "considered whether this [prior] determination should remain final and [found] no reason why it should not," after first finding that "none of the conditions for reopening set forth in 20 CFR § 404.988 is present in this case" and that "no new or material evidence has been submitted."  Weigel Decl., Ex. 3, p. 5.  The ALJ's conclusions that no ground supported re-opening the case and that the prior "determination remains final and binding" avoided the merits of the prior application.  Without other evidence that the ALJ re-opened the previous claim, the court has no jurisdiction to review his denial.

In sum, there is simply no Ninth Circuit precedent for a colorable constitutional claim based on allegations similar to Kirkpatrick's sufficient to obtain judicial review under the *Califano* exception.

## **RECOMMENDATION**

For the stated reasons, the Commissioner's Motion to Dismiss (docket #13) should be GRANTED based on a lack of subject matter jurisdiction.

///

///

///

9 – FINDINGS AND RECOMMENDATION

## <u>SCHEDULING ORDER</u>

These Findings and Recommendations will be referred to a district judge.  Objections, if any, are due Tuesday, January 21, 2014.  If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

DATED January 3, 2014.


s/ Janice M. Stewart
_____
Janice M. Stewart
United States Magistrate Judge